IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Broadcast Music, Inc., *as agent for Broadcast Music, LLC*; EMI Blackwood Music, Inc.; EMI Consortium Songs, Inc. *d/b/a EMI Longitude Music*; Sony/ATV Songs, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Portside Investments, LLC *d/b/a Port Grill*; Jeremy Hallback,<br><br>Defendants. | Case No. 6:25-cv-13720-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiffs' motion for default judgment against Defendants. [Doc. 15.] For the reasons stated herein, the Court grants the motion.

**BACKGROUND**

Plaintiffs filed this action on December 4, 2025. [Doc. 1.] The Complaint alleges the following facts.

Plaintiff Broadcast Music, Inc., as agent for Broadcast Music, LLC ("BMI"), is a corporation organized and existing under the laws of Delaware, with its principal place of business in New York. [*Id.* ¶ 3.] BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those that are alleged in this action to have been infringed. [*Id.*] Plaintiffs EMI Blackwood Music, Inc. and EMI Consortium Songs, Inc. *d/b/*a EMI

Longitude Music are corporations, and Sony/ATV Songs, LLC is a limited liability company. [*Id.* ¶¶ 5–7.] These three Plaintiffs are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. [*Id.* ¶ 4.]

Defendant Portside Investments, LLC ("Portside") is a limited liability company organized and existing under the laws of South Carolina, which operates, maintains, and controls an establishment known as Port Grill, located in Waterloo, South Carolina (the "Establishment"). [*Id.* ¶ 8.] Portside has a direct financial interest in the Establishment, and, in connection with the operation of the Establishment, Defendant publicly performs musical composition and/or causes musical compositions to be publicly performed. [*Id.* ¶¶ 9–10.] Defendant Jeremy Hallback is an owner of Portside with responsibility for the operation and management of that company and of the Establishment. [*Id.* ¶ 11.] Hallback has the right and ability to supervise Portside's activities and has a direct financial interest in that company and in the Establishment. [*Id.* ¶ 12.]

Since August 2024, BMI has reached out to Defendants more than 30 times, by phone and mail, attempting to educate them as to their obligations under the Copyright Act regarding the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were cease-and-desist notices that provided Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment. [*Id.* ¶ 14.]

Plaintiffs allege four claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI

Repertoire.[1] [*Id.* ¶ 15; *see* Doc. 1-1.] With regard to each claim, Plaintiffs have alleged the title, writer, and publisher of the musical composition,[2] the particular plaintiff pursuing the claim relating to the composition, the date on which the copyright registration was issued, the copyright registration number for the composition, the date of the infringement, and the Establishment where the infringement occurred. [Doc. 1 ¶¶ 16–20; *see* Doc. 1-1.]

Plaintiffs request relief in the form of (1) an injunction restraining Defendants, their agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502; (2) statutory damages, pursuant to 17 U.S.C. § 504(c); and (3) an award of costs, including attorneys' fees, pursuant to 17 U.S.C. § 505; and such other further relief that is just and equitable. [Doc. 1 at 5–6.]

The docket shows that Plaintiffs successfully served Defendants on January 12, 2026. [Docs. 9-1; 10-1.] After Defendants failed to respond to Plaintiffs' Complaint, a Clerk's entry of default was entered against both Defendants on February 11, 2026. [Doc. 13.] On April 10, 2026, Plaintiffs filed their motion for default judgment against both

---

[1] Annexed to the Complaint as a schedule and incorporated into the Complaint is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants (the "Schedule"). [*Id.* ¶ 16; Doc. 1-1.] The Schedule contains information on the four claims of copyright infringement at issue in this action. [Docs. 1 ¶ 16; 1-1.] For each work identified on the Schedule, on or about the dates listed on the Schedule, the publisher complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights certificates of registration bearing the listed numbers. [Docs. 1 ¶ 18; 1-1.]

[2] Plaintiffs submitted a declaration from Lindsay N. Sales, an attorney for BMI, who avers that "BMI has been granted by the other Plaintiffs the right to maintain actions for infringement of the public performance rights in their musical compositions and to seek damages for such infringement." [Doc. 15-1 ¶ 4.]

Defendants. [Doc. 15.] Plaintiffs' seek the injunctive relief requested in their Complaint; statutory damages in the amount of $20,000.00; an award of costs, including attorneys' fees; and interest on these awards. [Doc. 15-5 at 8–9.]

## APPLICABLE LAW

### Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment." *United States v. Clark*, No. 3:17-cv-03440-JMC, 2019 WL 1122933, at *1 (D.S.C. Mar. 12, 2019) (internal quotation marks omitted).

In considering a motion for default judgment, the court accepts as true all well-pleaded factual allegations in the complaint not relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6). The court then must "determine whether the well-pleaded allegations in the operative complaint support the relief sought." *Mey v. Phillips*, 71 F.4th 203, 223 (4th Cir. 2023) (cleaned up). As a result, before entering default judgment, the court must "evaluate the plaintiff's complaint against the standards of Fed. R. Civ. P. 12(b)(6) to ensure that the complaint properly states a claim." *Rollins Ranches, LLC v.*

*Watson*, No. 0:18-cv-03278-SAL, 2021 WL 5355650, at *3 (D.S.C. Nov. 17, 2021) (internal quotation marks omitted).

**Rule 12(b)(6) Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. The court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of Rule 12(b)(6), a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief.[3] *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

---

[3] "[E]ven after *Iqbal* and *Twombly*, a plaintiff may state a claim based 'upon information and belief,' especially if the facts are peculiarly within the defendant's knowledge and control, so long as an inference of culpability is plausible." *Dedrick v. Abilene Motor Express, Inc.*, No. 1:21CV00027, 2021 WL 5236817, at *6 (W.D. Va. Nov. 8, 2021); *see Wells v. Moore Cnty. Schs. Bd. of Educ.*, No. 1:23CV412, 2025 WL 1348491, at *6 (M.D.N.C. May 8, 2025).

## DISCUSSION

### Infringement

To prevail on a copyright infringement claim, "a plaintiff must show first that he owned the copyright to the work that was allegedly copied, and second, that the defendant copied protected elements of the work." *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353 (4th Cir. 2001). Many district courts within the Fourth Circuit have observed that a plaintiff must demonstrate the following to prove copyright infringement by an unauthorized public performance:

> (1) the originality and authorship of the works involved; (2) compliance with the formalities of federal copyright law; (3) rightful proprietorship of the copyrights at issue; (4) the copyrighted works were performed publicly for profit; and (5) a lack of authorization by the owner or the owner's representative for the alleged infringer to publicly perform the works.

*Broad. Music, Inc. v. O'Neal Burroughs, LLC*, No. 4:19-391-SAL-KDW, 2020 WL 4756525, at *4 (D.S.C. July 22, 2020) (cleaned up) (collecting cases). Plaintiffs' allegations have established each of their four claims of copyright infringement for Defendants' unauthorized public performance of the musical compositions from the BMI Repertoire.

### Injunctive Relief

Plaintiffs request an injunction restraining Defendants, their agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502. [Docs. 1 at 5; 15-5 at 5–7, 8.] Section 502 authorizes a court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement

of a copyright." 17 U.S.C. § 502(a). The Court finds the requested injunctive relief is reasonable to prevent future copyright infringements by Defendants.

To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Christopher Phelps & Assocs. v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (internal quotation marks omitted).

As to the first two factors, the Court notes that "it is well-settled that the harm caused by copyright infringements is normally irreparable because lost sales or diminished reputation can be difficult if not impossible to measure," and "remedies at law are inadequate [when] [d]efendants are continuing to perform musical works" for which they do not have licenses. *Broad. Music, Inc. v. My Image Studios*, No. 19-CV-1264 (VEC), 2020 WL 2115329, at *4 (S.D.N.Y. May 4, 2020) (internal quotation marks omitted). Regarding the third and fourth factors, the balance of hardships weighs in favor of injunctive relief because Defendants will face no hardship from merely being required to follow the law, and the public interest is served by upholding Plaintiff's copyright rights. *See id.*

**Statutory Damages**

Plaintiffs request statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $20,000.00, representing an award of $5,000.00 for each of the four infringement claims. [Docs. 1 at 5; 15-5 at 4, 9.] Section 504(c) states in relevant part:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. . . .
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c).

Here, the Court finds that Defendants' infringement was willful. Plaintiffs have demonstrated that BMI several times provided Defendants with notice of their existing copyrights on musical compositions and the requirement that they obtain a license to legally perform these compositions. [Doc. 1 ¶ 14.] Nonetheless, Defendants persisted in their conduct, allowing infringements of Plaintiffs' compositions. [*Id.* ¶¶ 20–21.] Plaintiffs explain that their requested award of $5,000.00 per violation "is approximately three times the amount Plaintiffs would have received in licensing fees from Defendants to date had their establishment properly been licensed." [Doc. 15-5 at 4 (citing Doc. 15-2 ¶ 16).] They argue that "[c]ourts consistently have held that a statutory damages award up to five times the amount of licensing fees that the plaintiff would have received . . . is appropriate under Section 504(c)" and that "awards up to $20,000 per infringement or higher are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws." [*Id.* at 4–5 (collecting cases).] The Court agrees with Plaintiffs' analysis and

concludes that the requested statutory damages of $20,000.00 total for the four violations, pursuant to Section 504(c)(1) and (2), is appropriate.

**Costs, Including Reasonable Attorneys' Fees**

Pursuant to 17 U.S.C. § 505, a court "may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." Here, the Court concludes that Defendants intentionally ignored their obligations under the Copyright Act and forced Plaintiffs to litigate to enforce their rights. Under the circumstances, the Court concludes that Plaintiffs' request for costs, including reasonable attorneys' fees, is appropriate. Plaintiffs therefore shall file a petition pursuant to Rule 54 of the Federal Rules of Civil Procedure for the attorneys' fees and costs incurred in this action.

**Interest**

Plaintiffs also request that Defendants pay interest on the statutory damages and costs awarded by this Court, pursuant to 28 U.S.C. § 1961. [Doc. 15-5 at 9.] That section provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Accordingly, the Court concludes that Plaintiffs' request for interest to be paid on the damages award is proper.

## <u>CONCLUSION</u>

In sum, for the reasons explained, Plaintiffs' motion for default judgment [Doc. 15] is GRANTED against both Defendants; the Court enters judgment against them jointly and severally in the amount of $20,000.00, together with interest on the full amount of this judgment, from the date of this judgment, pursuant to 28 U.S.C. § 1961; and the Court ORDERS that Defendants, their agents, servants, employees, and all persons acting

under their permission and authority are restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502. Additionally, this Court concludes that an award of fees and costs is appropriate under 17 U.S.C. § 505, and the Court therefore directs Plaintiffs to file a petition for such fees and costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

October 29, 2026
Greenville, South Carolina